IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PEBBLE LIMITED PARTNERSHIP<br>2525 Gambell Street, Suite 405<br>Anchorage, AK 99503,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT<br>OF THE ARMY<br>101 Army Pentagon<br>Washington, DC 20310-0101,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Pebble Limited Partnership ("PLP") brings this action against the Department of the Army ("Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue in this district is proper under 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff PLP is an Alaska Partnership based in Anchorage, Alaska.

4. The Department of the Army is a federal agency of the U.S. Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## **STATUTORY FRAMEWORK**

5. Congress enacted FOIA to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny. Thus, the statute embodies a broad policy in favor of disclosure, reflecting the notion that promoting an informed citizenry is vital to democracy.

6. FOIA's mandate to provide open access to government records is not mere formalism—where an agency has violated FOIA's statutory requirements, a requesting party is entitled to relief.

7. When an agency receives a FOIA request, the statute requires the agency to make its "records promptly available" if the request "(i) reasonably describes such records and (ii) is made in accordance with published rules."  5 U.S.C. § 552(a)(3)(A).

8. An agency must make a determination whether to comply with a FOIA request within 20 working days, and it must immediately notify the requester of the determination and the agency's reasons for the determination.  5 U.S.C. § 552(a)(6)(A)(i).

9. In "unusual circumstances," an agency may extend the 20-day limit to make a determination in response to a FOIA request by no more than 10 working days.  5 U.S.C. § 552(a)(6)(B)(i).

10. In addition, if a requester appeals an agency's FOIA determination, the agency must make a determination with respect to any appeal within 20 business days.  5 U.S.C. § 552(a)(6)(A)(ii).

11. Under FOIA, a requester "shall be deemed to have exhausted his administrative remedies with respect to such request" if the agency does not comply with the statute's time limits.  5 U.S.C. § 552(a)(6)(C)(i).

12. FOIA authorizes district courts to assess reasonable attorney fees incurred in a FOIA action in which a plaintiff requester substantially prevails. 5 U.S.C. § 552(a)(4)(E).

## FACTS

13. PLP currently owns the mineral claims in the Pebble Deposit, an undeveloped deposit of copper, gold, and molybdenum, located on State lands in southwest Alaska.

14. PLP intends to build a mine at the Pebble Deposit (the "Pebble Project"), an endeavor projected to create thousands of jobs and contribute tens of billions of dollars to the Alaskan and national economies.

15. In December 2017, PLP submitted an application to the U.S. Army Corps of Engineers ("USACE") for a Clean Water Act permit to develop the Pebble Project.

16. On November 25, 2020, USACE denied PLP's permit application. PLP has appealed the permit denial.

17. As part of the mine planning process and to shed light on USACE's permit denial, on March 10, 2022, PLP submitted a FOIA request (the "Request") via email asking for documents and communications between Department leadership and specific individuals from July 1, 2020 to January 20, 2021. A copy of the Request is attached as Exhibit 1.

18. On March 10, 2022, the Department responded to the Request via an auto-reply email that stated, "Your inquiry has been received by the US Army Freedom of Information Act (FOIA) office." Ex. 2 (March 10, 2022 Email with from Department).

19. On April 1, 2022, after receiving no response to the Request other than the auto-reply email, PLP emailed the Department about the status of the Request. The same day, the Department's FOIA office responded and stated that the Request would be "referred to the

proponent agency for appropriate handling" and that PLP would "be notified by an action officer once the referral has been processed." Ex. 3 (2022 Emails with Department) at 2.

20. After receiving no further communications from the Department, PLP followed up again on May 19, 2022, via email and voicemail to determine the status of the Request. *Id*. On May 23, 2022, the Department's FOIA office wrote to PLP that the "request is still in queue to be processed." *Id*. at 1.

21. Hearing nothing further, PLP reached out again via email and voicemail on June 14, 2022, August 25, 2022, and September 19, 2022. *Id*. The Department has not responded to any of these inquiries other than through auto-reply emails, failing to provide a FOIA tracking number, produce any documents, estimate a time for response, or otherwise deny the Request. *Id*.

22. On October 26, 2022, having received no substantive response from the Department, PLP sent a letter to the Department's FOIA office to demand a response to or a denial of the Request. *See* Ex. 4 (Oct. 26, 2022 Letter). To date, the Department has not responded to the October 26, 2022 letter.

23. Because the Department has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), PLP is deemed to have exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552

24. PLP realleges paragraphs 1 through 23 as if fully set forth herein.

25. The Department is unlawfully withholding records requested by PLP under 5 U.S.C. § 552.

26. PLP is irreparably harmed by the Department's unlawful withholding of records responsive to the Request, and will continue to be irreparably harmed unless the Department is compelled to comply with FOIA.

**WHEREFORE**, PLP respectfully requests that the Court:

1. Order the Department to search for any and all records responsive to PLP's Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the Request;

2. Order the Department to produce, by a date certain, any and all non-exempt records responsive to the Request and a *Vaughn* index of any responsive records withheld under claim of exemption;

3. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the Request;

4. Grant PLP an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant PLP such other relief as the Court deems just and proper.

Dated: December 12, 2022            Respectfully submitted:

                                            */s/ Patricia B. Palacios*
Patricia B. Palacios (D.C. Bar No. 978740)
Mark F. Murphy (D.C. Bar No. 1025010)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036-1795
Telephone: (202) 429-3000
ppalacios@steptoe.com
mmurphy@steptoe.com

*Attorneys for Plaintiff*

5